BLOCK, Respondent, v. LEHMAN, Town Treasurer, Appellant.

(141 N. W. 982.)

1. **Appeal—Briefs—Time for Filing—Affirmance.**

The only paper on file in the Supreme Court being a copy of notice of appeal, filed September 20, 1912, and whose date could not have been later than that date; and appellant having failed to file brief until April, 1913, while the rule of court required filing of such brief within 30 days from date of notice of appeal, and there being no showing whatever by way of excusing the default, **held,** the judgment appealed from was properly affirmed.

2. **Briefs—Default—Stipulation of Counsel.**

While the rules of the Supreme Court permit counsel to stipulate for extension of time to file briefs, they do not allow counsel, after a default in this respect has occurred, to avoid the effect of such default, since it is for the court, and not for

counsel to determine whether reasonable grounds exist excusing the default.

(Opinion filed June 3, 1913.)

Action by Frank Block against A. W. Lehman, as town treasurer. From a judgment for plaintiff, defendant appeals. On motion to vacate default of appellant for failure to file briefs, and to vacate the judgment of the Supreme Court affirming the judgment below because of such default. Motion denied.

See, for judgment on this appeal, 31 S. D. 571, 141 N. W. 787.

*Sherman Dugan,* and *Anderson & Waddel,* for Appellant.

*H. H. Potter,* for Respondent.

SMITH, J. This is an application upon certain affidavits and a stipulation between counsel for an order vacating the judgment of this court entered on May 20, 1913, affirming the judgment of the trial court because of the failure of appellant to file briefs required by statute and the rules of this court, and for an order granting appellants permission to file such briefs at this time.

[1] An examination of the records in the clerk's office discloses that no record or other papers pertaining to the appeal is now on file, with the single exception of a copy of the notice of appeal, which was filed September 20, 1912.

Counsel for appellant and respondent have filed a stipulation wherein it is recited that: "It appears by the annexed affidavits that the appellant's brief herein was not filed by reason of an inadvertence on the part of the agent of the express company; that the briefs of appellants and respondent may be filed; and that respondent is willing that the case be submitted to the court on the merits, waiving all questions as to the time of filing briefs and submitting record."

The affidavits show appellants attempted to transmit briefs to this court about April 30, 1913, and that it was through no fault of his that they were not received. This case then should be considered as though such briefs were presented for filing on April 30, 1913. The copy of the notice of appeal in this case, which is the only paper on file in the clerk's office, is undated and contains no admission or proof of service upon respondent. It appears, however, to have been filed in the office of the clerk on September 20, 1912. The rules of this court then in force required that appel-

lant's briefs be filed within 30 days from the date of the notice of appeal, which date in this case could not be later than September 20, 1912.    Under this rule, appellant was in default on October 20, 1912, and the appeal at any time thereafter might under the rules of this court have been placed on the Octeber, 1912, calendar and disposed of by affirmance.    This, however, was not done, but the appeal was placed on the April, 1913, calendar, as under the express provisions of the rules it had to be and was reached by this court in the regular order of business and finally disposed of by judgment and order of affirmance on May 20, 1913.    Upon appellant's own showing, he had been in default in the filing of briefs for more than six months prior to the date when such briefs were delivered to the express agent for transmission to the clerk of this court.    It is plainly evident, therefore, that, under the rules of this court, such briefs could not have been filed by the clerk, even though the express charges had been fully prepaid and the briefs had been delivered to and received by him.    Not a line or a syllable appears in this application which tends in the slightest degree to explain or excuse this default.

[2]    The rules of this court are broadly liberal in according counsel the opportunity and means for extensions of time, where necessary, for the filing of briefs.    These rules permit the attorneys at their discretion to enter into stipulations extending the time for preparing, serving, and filing briefs, but specifically requires that all such stipulations shall be in writing and filed with the clerk of this court within 10 days after the same are entered into, and if not so filed shall become void, and also provide that no stipulation not in writing and so filed in this court will be given any force or effect whatever.    The purpose of these rules is to keep the court, at all times, advised as to the exact status of appeals, to the end that the court may promptly dispose of all pending cases in which defaults in the filing of briefs have occurred.    The filing of stipulations, as required by this rule, is absolutely essential to prevent default.    To permit counsel, by proper stipulations so filed, to extend the time for preparing, serving, and filing briefs is an entirely distinct matter from recognizing the right of counsel, after default, by stipulations to avoid the effect of such default.    No such practice will be recognized.    After default has occured, it is not for counsel but for this court to determine whether reasonable

grounds exist excusing such default. And where default has oc-
curred, the only procedure which will be permitted by this court
is an application for an order to show cause, and a showing which
this court deems sufficient to excuse such default.

In this case not the slightest attempt is made upon this appli-
cation to excuse a default covering a period of more than six
months, and even though we regarded the method pursued here as
a proper one, which we do not, the showing itself is wholly insuf-
ficient. The responsibility for delays and defaults must rest where
it properly belongs. This court must enforce its rules or itself
assume reponsibility for delays. This last we are not disposed to
do.

The application is denied. ·